DOMENGEAUX, Judge.
This appeal emerges from a tort claim which was filed as a result of an automobile accident in the City of Alexandria, Louisiana, on September 25, 1983. The plaintiff originally sued for $50,000.00 then reduced his claim by an amending and supplemental petition to the sum of $9,999.99 so as to evade the trial by jury which the defendant had requested.
In a bench trial, the district judge found that the sole cause of the accident was the negligence of the defendant, Angelo Milaz-zo, in making a left turn into the path of an oncoming automobile which was being driven by the plaintiff, Frank O. Jason. Judgment was granted to the plaintiff in the total sum of $9,757.60. Of that amount, $1,257.60[1] was stipulated as special damages, and the remainder of $8,500.00 was awarded as general damages.
Milazzo and his wife, the latter being the owner of the offending vehicle, and their liability insurer, Safeco Insurance Companies, appealed, alleging: (1) Mr. Milazzo’s testimony concerning his familiarity with the accident site should have been allowed; (2) plaintiff was totally and at least partially at fault in causing the accident; (3) the award is much greater than the evidence justifies.
Our review of the record satisfies us that there is ample evidence to conclude that defendant Angelo Milazzo was totally *457 at fault in making a lefthand turn into the path of plaintiff’s oncoming vehicle. This conclusion eliminates the need to pass upon whether or not Mr. Milazzo’s familiarity with the accident site was relevant to these proceedings.
On the question of quantum, we feel that the award of $8,500.00 for general damages is an abuse of discretion.
After the impact, plaintiff’s vehicle veered to the right, struck a concrete curb and then a telephone pole. Plaintiff was sent by his attorney to see Dr. Edward A. Norton, a general practitioner, three days after the accident. Doctor Norton’s report dated November 11, 1983, was admitted into evidence without objection. His diagnosis was: (1) acute cervical strain; (2) wound, abrasion to the right forearm; (3) contusion to the left thumb with cellulitus. The report further showed that from September 29, 1983, to November 10, 1983, plaintiff visited the doctor eleven times. During his office visits plaintiff received medco sonlator treatments to his neck and corticosteroid injections and was given muscle relaxants and analgesics.
The doctor stated in his report: “Under this treatment, his [plaintiff’s] symptoms improved sufficiently to be controlled with simple analgesics, and he was discharged as having received maximum medical benefit on November 10, 1983. It is my belief that there will be no permanent or residual disability as a result of this accident.”
At trial the plaintiff testified to regular headaches which he maintained he had been suffering every two to three days since the accident. However, in a deposition taken on October 29, 1984, the plaintiff’s complaints of pain were minimal compared to his complaints at trial on May 14, 1985. Indeed, during his deposition the plaintiff testified that his headaches had occurred only every three to four months. Further, plaintiff missed only two days of work as a result of this accident, and one of those days was missed because of a visit to the doctor. It is also significant to note that once he was discharged by Doctor Norton on November 10, 1983, the plaintiff never returned to see Doctor Norton or any other doctor, nor has he taken any prescribed medicines since his discharge.
Plaintiff’s injuries were minor. Utilizing the standard set out in Reck v. Stevens, 373 So.2d 498 (La.1979), we conclude that the highest award for general damages to which the plaintiff would be entitled is $4,000.00.
In passing, we note an additional error. Plaintiff’s award for general damages exceeded by $1,501.01 the amount sought and claimed by plaintiff for that item. Would we not be reducing the general damage award because of excessiveness, we would have been required to reduce that award to the amount claimed inasmuch as the record contains no evidence calling for an increased amount of general damages which could be construed as an enlargement of the pleadings.
It is therefore Ordered that the trial court judgment for general damages be amended and is hereby reduced to the sum of $4,000.00. In all other respects the judgment is affirmed.
Costs on appeal are assessed to plaintiff-appellee.
AFFIRMED AS AMENDED.

. Damages to plaintiffs automobile totalled $700.00; Costs for x-rays were $201.00; Doctor’s bills, including heat treatments were $275.00; Loss of two days of work was calculated at $81.60.